EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JEFFREY M. LAURENCE
Deputy Attorney General
State Bar No. 183595
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5897
  Fax: (415) 703-1234
  Email: Jeff.Laurence@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID MICHAEL LEON,**<br><br>                   Petitioner,<br><br>   v.<br><br>**JAMES A. YATES, Warden,**<br><br>                   Respondent. | C 07-5719 CRB<br><br>**SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |

### ARGUMENT

**THE STATE COURT'S FINDING THAT THE ABSENCE OF CERTAIN PHYSICAL ITEMS FROM THE SCENE OF THE CRIME DID NOT DEMONSTRATE PREJUDICE ARISING FROM PRE-ACCUSATION DELAY WAS NOT UNREASONABLE OR CONTRARY TO CLEARLY ESTABLISHED SUPREME COURT PRECEDENT**

In the first claim of his habeas petition, petitioner contended that the 17-year lapse between the murder and the filing of an information violated his right to due process. Petitioner questioned the state court's factual findings that he failed to demonstrate actual prejudice. In making his case, petitioner pointed to several items that were no longer in existence at the time of his trial. Specifically, in one of his subclaims in support of his argument that he established

1  prejudice, petitioner asserted that:

2  > The loss of physical evidence at the scene, specifically the failure to fingerprint the baseball bat and glass and latch at the front door was prejudicial. (22 RT 2494-2497.) There was no physical evidence otherwise connecting Petitioner to the scene. Fingerprint evidence tying someone else there would have been powerful exonerating evidence.

5  Pet. at 41.

6  In his traverse, petitioner points out:

7  > Respondent does not address the issue of the loss of physical evidence from the scene, including the failure to fingerprint the baseball bat, glass and latch at the front door. It must be presumed he lacks a persuasive reply. (Intertrust Technologies Corporation v. Microsoft Corporation 275 F.Supp.2d 1031, 1051 (N.D. Cal. 2003) ['an argument that lacks appropriate supporting citations is no argument at all."].)

10  Traverse at 9-10.

11  Respondent acknowledges that this specific allegation was not addressed in the original Points and Authorities in Support of Answer, but that failure was due to our inadvertent oversight. Respondent unfortunately overlooked this point, which was included at the end of a paragraph that also referred to the loss of the taped statements of two witnesses. Pet. at 41.[1]

15  Petitioner suggests in his traverse that our lack of response demonstrates that his claim must have merit. However, petitioner's assertion misses the mark.

17  On federal habeas review, petitioner bears the burden of demonstrating the state court's factual findings were unreasonable. 28 U.S.C. § 2254(d)(2); *Garvin v. Farmon*, 258 F.3d 951, 957 (9th Cir. 2001) (state court's ruling based on a factual determination also must be "unreasonable" to warrant habeas relief); *Torres v. Prunty,* 223 F.3d 1103, 1108 (9th Cir. 2000). Petitioner must also rebut any factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Marshall v. Lonberger*, 459 U.S. 422, 431-36 (1983); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981) (presumption of correctness applies to express and implied findings of fact by both trial and appellate courts). Finally, it is petitioner's burden to demonstrate the state court's ruling was

---

1. That respondent's omission was due to the fact that respondent overlooked the argument is demonstrated by footnote 17 of our original Points and Authorities in Support of Answer in which we indicated our belief that petitioner had not renewed this particular ground on federal habeas. P&A at 32 n.17. That belief was obviously in error.

contrary to, or involved an unreasonable application of clearly established supreme court precedent, 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 413 (2000).

Accordingly, petitioner's challenges must be directed at the state court's rulings, regardless of any omission in respondent's pleadings. Here, notwithstanding the oversight by respondent, the state court addressed and rejected this precise subclaim. The state court explained:

> ***Fingerprint Evidence***
>
> Defendant reiterates his forensic expert Doctor Thornton's criticism of the initial investigation: The police failed to fingerprint the baseball bat, the shards of broken window glass, or door latch. Defendant claims prejudice because fingerprint evidence "tying someone else to the scene would have been powerful exonerating evidence."
>
> This claim is based on Doctor Thornton's assumption that the objects were not tested for prints. Doctor Thornton based his assumption on the fact that there were no fingerprint cards for them. However, he conceded that he did not know and could not tell whether tests had been performed but yielded no prints. He did not consult with the officer who initially tested the crime scene. That person, Officer William Santos of the San Jose Police Department, testified that the lack of fingerprint cards does not mean that areas and objects were not processed. When prints are not found, documentation is not generated, and no record is kept of such negative results. Although Officer Santos had no recollection of testing the point of entry, he opined that it would have been something that he ordinarily would have done because it was "obviously involved in the crime scene scenario."
>
> Defendant's claim also assumes that potentially exonerating prints—i.e., those of some third person—were left on the various objects. Concerning the likelihood of fingerprints on the glass shards, Doctor Thornton doubted that the burglar used a hand to break the glass, let alone fingers. He opined instead that the burglar probably used the baseball bat. However, multiple witnesses testified and defendant told police that Marlon possessed a bat. Moreover, his neighbor saw him carrying it shortly before the murder, and he was still clutching it the when his parents found him. Furthermore, forensic analysis established that Marlon was shot from a distance, and there was little, if any, evidence of a hand-to-hand struggle, during which the burglar might have touched the bat.
>
> Last, the record does not establish that the lack of fingerprint evidence was caused by the delay. As noted, the trial court found that there was insufficient evidence to charge defendant before Edelberg revealed his admission to her in 1986, two years after the murder. However, Doctor Thornton testified that fingerprints are not always left when one touches an object, and whether a print is left in the first place and how long it remains depends on a number of variables, including the nature of the surface, the oils on the skin, and other environmental factors. For example, he explained that prints left on paper may last indefinitely; but prints left on nonporous surfaces "may last for weeks or months, if protected against the sunlight and air . . . ."
>
> Under the circumstances, the alleged failure to test for the fingerprints that may or may not have been on the various objects and remained there until 1986 combined with the assumption that tests would have revealed the fingerprints of someone other than Marlon or defendant makes defendant's claim that he lost potentially material evidence too speculative to show that the delay caused actual prejudice. (See *Scherling v. Superior Court, supra,* 22 Cal.3d at p. 506, 149 Cal.Rptr. 597, 585 P.2d 219 [lost evidence of only

"speculative value"]; see also *People v. Roybal* (1998) 19 Cal.4th 481, 513, 79 Cal.Rptr.2d 487, 966 P.2d 521 [alleged prejudice is "largely speculative"].)

Pet. Exh. A at 14-16.

The state court's findings are conclusive, and petitioner has not met his burden of rebutting them by clear and convincing evidence. For the reasons already fully set out in our original points and authorities, the state court's conclusion that petitioner had not demonstrated actual prejudice in light of these findings was not an unreasonable application of Supreme Court precedent.

## CONCLUSION

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be denied.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Jeffrey M. Laurence

JEFFREY M. LAURENCE
Deputy Attorney General

Attorneys for Respondent

JML:jw
20139082.wpd

Supplemental Points and Authorities in Support of Answer - C 07-5719 CRB

4