JULIE SCHUMER, SBN 82814
Attorney at Law
PMB 120, 120 Village Square
Orinda, CA 94563
(925)254-3650
(505)466-6247 (fax)
juliesch@ix.netcom.com

Attorney for Petitioner
DAVID MICHAEL LEON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL LEON, ) | Case No. C07-5719 CRB |
| ) | |
| Petitioner, ) | OPPOSITION TO SUPPLEMENTAL POINTS AUTHORITIES IN SUPPORT OF ANSWER; POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. ) | |
| ) | |
| JAMES A. YATES, Warden, et al. ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**OPPOSITION TO SUPPLEMENTAL POINTS
AND AUTHORITIES IN SUPPORT OF ANSWER;
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

          DAVID MICHAEL LEON, Petitioner, presents this opposition to the supplemental points and authorities Respondent has filed in support of his Answer and submits the following points and authorities in support of said opposition.

**I.**

**RESPONDENT'S SUBMISSION OF 9-3-08 IS
IMPROPER AND SHOULD BE STRICKEN OR SIMPLY
NOT CONSIDERED.**

          On September 13, 2008, Respondent filed "Supplemental Points and

1  Authorities in Support of Answer."  Petitioner submits this filing must be stricken
2  or simply not considered.  As to the Petition's claim concerning the due process
3  violation occasioned by pre-accusation delay, Respondent purports to add to his
4  answer a discussion concerning the loss of physical evidence from the scene and
5  how Petitioner has failed to show the state court's ruling on this point was an
6  unreasonable application of Supreme Court precedent, a discussion Respondent
7  states was inadvertently omitted from his original answer.
8         Respondent's filing is unauthorized.  None of the applicable rules
9  countenance proceeding by a trickle of pleadings which address points which the
10 filing party failed to address appropriately earlier.  The Local Rules of this Court
11 as to habeas petitions under 28 U.S.C. 2254 provide merely  for the filing of a
12 petition, answer and traverse in a non-capital habeas case.  (Local Rule 2254-
13 6(b)(c).)  The Federal Rules of Civil Procedure, which are applicable to habeas
14 proceedings "when appropriate," "'to the extent they are not inconsistent with the
15 Habeas Rules," [Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005)].
16 Fed.R.Civ.P. 15(d) permit a court on the proper motion to allow a supplemental
17 pleading setting out any transaction, occurrence, or event, that happened after the
18 date after the date of the pleading to be supplemented.  Here, not only did
19 Respondent fail to file a motion requesting that his supplemental points and
20 authorities be allowed, but he cannot in any event  meet the criteria allowing such
21 supplementation because it does not involve matter arising after the filing of his
22 original answer but rather something that he simply failed to include due to
23 inadvertence.
24         Based on the foregoing, Petitioner respectfully requests that the
25 Supplemental Points and Authorities in Support of Answer should be stricken or
26 simply not considered and that this Court should so state in an order.
27 Opposition to  Supplemental Points and Authorities in
   Support of Answer, C07-5719 CRB
28                              -2-

**II**

**RESPONSE TO RESPONDENT'S SUPPLEMENTATION OF HIS ANSWER.**

Should this Court permit Respondent's supplementation of his answer, Petitioner requests that the following response be permitted to be filed.

The supplemental points and authorities concern a response to a subclaim of Petitioner's preaccusation delay claim. The subclaim concerns one of the ways in which Petitioner was prejudiced by the 17 year delay in charging him, specifically the lack of fingerprints from various items at the scene, i.e., baseball bat near the victim, glass, or entry latch. Respondent merely quotes at length the portion of the state court opinion and deems it "conclusive." (Supp. P&A, p. 3-4.)

In the quoted portion of the state court opinion, the reviewing court rejects Petitioner's claim of prejudice flowing from failure to fingerprint various items at the scene in the main on the basis that Petitioner failed to prove such things were not fingerprinted, but merely assumed it, and that he could not prove that there were any fingerprints there in the first place, let alone that they belonged to someone else. The state court imposed a burden on Petitioner that the caselaw does not require. In <u>Fowler</u> v. <u>Superior Court</u> 162 Cal.App.3d 215, 220, (1984) the defendant brought an unsuccessful speedy trial motion in the trial court. In overturning the denial of said motion, the reviewing court stated the following equally applicable here:

> "Contrary to the trial court's position, he made a sufficient prima facie showing of prejudice by proving the loss of the dispatcher's tape coupled with a plausible explanation of what he might have been able to prove if the tape were available. The court was apparently of the view that he failed to establish the tape would reveal a 'stiffed-in' phone call from a Los Angeles policeman, but that cannot be the test. If Fowler could have proved <u>that</u>, he obviously would have been entitled to a dismissal without the aid of a speedy trial motion. The court's reasoning is circular: The motion was

Opposition to Supplemental Points and Authorities in
Support of Answer, C07-5719 CRB

-3-

1 denied because the defendant could only 'speculate' that evidence lost during an unexplained delay in the proceedings would have assisted him, when, that was the very basis for the motion in the first place."

## CONCLUSION

Based on the foregoing, it is respectfully submitted that Respondent's Supplemental Points and Authorities to his Answer be stricken or just not considered. If said filing is to be allowed, this Court should consider the argument set forth in section II above as part of Petitioner's traverse.

Dated: September 5, 2008                    Respectfully submitted,


                                            /s/
                                            _____
                                            JULIE SCHUMER, Attorney
                                            For Petitioner
                                            DAVID MICHAEL LEON

Opposition to Supplemental Points and Authorities in
Support of Answer, C07-5719 CRB
                                    -4-